IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LISA S. BRISTOL**, *Pro Se* | *<br>*<br>* |
| Appellant | *<br>* |
| v. | *    Civil No. **PJM 19-1686**<br>* |
| **U.S. BANK TRUST, N.A.,**<br>**AS TRUSTEE FOR LSF9**<br>**MASTER PARTICIPATION TRUST** | *<br>*<br>*<br>* |
| Appellee | *<br>* |

## MEMORANDUM OPINION

*Pro Se* Appellant Lisa Sabrina Wayne Bristol appeals the Bankruptcy Court's Order Terminating Automatic Stay as to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("LSF9") in *In re Lisa Sabrina Wayne Bristol*, Chapter 7 Case No. LSS 19-10119 (Bankr. D. Md.). For the reasons that follow, the Court **AFFIRMS** the Order of the Bankruptcy Court Terminating the Stay.

Bristol filed a petition for Chapter 7 bankruptcy relief on January 3, 2019. ECF No. 6-12.[1] On January 11, 2019, LSF9 filed a Motion for Relief from the Automatic Stay for permission to pursue its rights under non-bankruptcy law. ECF No. 7-4. LSF9 also filed a Notice of Motion for Relief from Stay, which it certified was sent to Bristol on the same day. ECF No. 7-5. Lastly, LSF9 filed a copy of the Report of Sale and Affidavit of Fairness of Sale and Truth of Report, and the Order of Ratification of the sale. ECF No. 6-12. On May 6, 2019, the Bankruptcy Court held a

---

[1] The Bankruptcy Court previously dismissed her Chapter 13 bankruptcy petition on October 5, 2018, and Bristol appealed to the District Court. The Court affirmed the Bankruptcy Court's dismissal on September 18, 2019.

1

hearing on LSF9's Motion for Relief from Automatic Stay and granted the Motion. ECF No. 6-8. Bristol appeals the Bankruptcy Court's Order granting the Motion.

The Court has jurisdiction to review certain decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's conclusions of law de novo and findings of fact for clear error. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005). The decision whether to grant relief from the automatic stay under 11 U.S.C. § 362 is within the bankruptcy court's discretion and may be overturned on appeal only for abuse of discretion. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

The Court finds the Bankruptcy Court did not abuse its discretion. Bristol has brought multiple proceedings and filed multiple appeals in state and federal court, all relating to the property at 1404 Dixie Bowie Way, Upper Marlboro, MD 20774. But at this point, the facts are clear. On November 1, 2016, a foreclosure sale occurred and LSF9 was the successful bidder. On December 12, 2017, before Bristol filed the Chapter 7 or Chapter 13 proceeding, the Circuit Court for Prince George's County, Maryland ratified the sale of the Property to LSF9. On December 14, 2017, a Substitute Trustee's Deed was conveyed to LSF9, which was later recorded.

Under Maryland law, "after final ratification by the court and grant of the property to the purchaser on payment of the purchase money, [a foreclosure sale] has the same effect as if the sale and grant were made under decree between the proper parties in relation to the mortgage or deed of trust and in the usual course of the court, and operates to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust." Md. Code Ann., Real Prop. § 7-105. As the Court has said, in Maryland, "the right of redemption is divested by a valid foreclosure sale" and equitable title vests in the buyer "when the gavel falls." *Mustafa v. PennyMac Corp. by PennyMac Loan Servs., LLC*, 2017 WL 1176057, at *3 (D. Md. Mar. 29,

2017), aff'd sub nom. *Mustafa v. PennyMac Corp. by PennyMac Loan Servs.*, 696 F. App'x 638 (4th Cir. 2017). Therefore, Bristol no longer has equitable title in the property, as equitable title has passed to LSF9.

The Court will not expound upon Bristol's arguments in her brief, as they all are meritless and/or irrelevant in light of these facts. As such, the Court **AFFIRMS** the Order of the Bankruptcy Court granting LSF9's Motion for Relief from Automatic Stay.

The Clerk is directed to **CLOSE** the case.

A separate Order will **ISSUE.**

                                                      /s/
                                   **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**

**November 14, 2019**

3